JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>             Plaintiff,<br><br>    v.<br><br>AI SUNSET, LLC, et al.,<br><br>             Defendants. | Case No. 2:21-cv-03594-FLA (AFMx)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT** |

## **RULING**

Before the court are the parties' responses to the court's Order to Show Cause ("OSC") why the court should not remand this action to Los Angeles Superior Court for lack of subject matter jurisdiction. Dkt. 18. For the reasons stated herein, the court REMANDS the action to Los Angeles Superior Court. The court's OSC why the court should exercise supplemental jurisdiction over the state law claims, Dkt. 10, is DISCHARGED as MOOT.

/ / /

/ / /

**BACKGROUND**

Plaintiff Chris Langer ("Plaintiff") filed the initial Complaint in this action in Los Angeles Superior Court on March 26, 2021. Dkt. 1. Defendants AI Sunset, LLC and JKlein Hotel Investments, LLC ("Defendants") removed the action to this court on April 28, 2021. *Id.* In the operative First Amended Complaint ("FAC"), Plaintiff brings causes of action for violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"). Dkt. 17. Plaintiff seeks the statutory minimum of $4,000 for each offense under the Unruh Act, but does not allege the amount in controversy exceeds $75,000.

The court issued an OSC requesting briefing from the parties to establish whether the court has subject matter jurisdiction over the action. Dkt. 18. The parties untimely responded to the court's order. Dkts. 20, 21.[1]

**DISCUSSION**

**I.    Legal Standard**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Jurisdiction is generally determined from the face of the complaint. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The court may remand the action sua sponte "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Plaintiff was ordered to respond no later than July 9, 2021, Dkt. 18, but responded on July 20, 2021. Dkt. 21. Defendants were ordered to respond no later than July 16, 2021, Dkt. 18, but responded on July 17, 2021. Dkt. 20.

## II. Analysis

As Defendants assert the existence of federal jurisdiction, they bear the burden to show jurisdiction is proper. *Kokkonen*, 511 U.S. at 377. Subject matter jurisdiction may arise from a federal question pleaded on the face of the complaint or non-federal questions where the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[F]or a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.").

The operative FAC does not plead facts to establish subject matter jurisdiction based on diversity. *See generally* Dkt. 17. Thus, the court only has jurisdiction over this action if the FAC involves claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. On the face of the FAC, Plaintiff brings claims only under the California Unruh Act and UCL, which are state law statutory claims. Dkt. 17. Defendants contend the court has jurisdiction because Plaintiff's claim under the California Unruh Act is "based entirely on the Defendants' purported violation of the Americans with Disabilities Act" and, therefore, Plaintiff's complaint implicates a federal question sufficient to support jurisdiction. Dkt. 20.[2] The court disagrees.

A federal court may exercise federal question jurisdiction if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a

---

[2] Defendants' response is styled as their "Response to OSC re Supplemental Jurisdiction." *Id.* at 1. As the subject OSC, however, concerns the question of whether the court has subject matter jurisdiction, the court will treat Defendants' response as an argument that the court has subject matter jurisdiction because a federal question is embedded in the state law claims. To the extent this document is intended to be a response to the court's May 21, 2021 OSC, the document was filed over a month and a half late, and the court declines to consider this response as untimely. *See* Dkt. 10.

3

federal forum may entertain without disturbing any congressionally-approved balance of federal state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Under the California Unruh Act, a violation of the Americans with Disabilities Act ("ADA") also constitutes a violation of California law. Cal. Civ. Code § 51(f).

"[T]he mere presence of a federal issue in a state cause of action," however, "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). As the Supreme Court instructed in *Grable*, a district court's exercise of jurisdiction over a state-law claim that involves the violation of a federal law is not dispositive of the jurisdictional analysis. *Grable*, 545 U.S. at 314. Rather, the court must assess whether its exercise of jurisdiction would "disturb[] any congressionally approved balance of federal and state judicial responsibilities." *Id*.

Defendants fail to meet their burden to show this court's jurisdiction over Plaintiff's state law claims is proper, despite the presence of an issue involving the ADA. As the Ninth Circuit has recognized, "Congress's choice not to provide a damages remedy under the ADA signified a congressional conclusion that the presence of an ADA violation as an element of [a state law claim based on the ADA] is insufficient to confer federal question jurisdiction." *See Wander v. Kaus*, 304 F.3d 856, 860 (9th Cir. 2002).

Here, as in *Wander*, the exercise of federal jurisdiction over the instant action would frustrate Congress's intent that federal courts should not provide a forum for state causes of action for damages premised on a violation of the ADA. *See id.* at 859-60. Accordingly, the court finds Plaintiff's California Unruh Act and UCL causes of action do not "arise under federal law," even though they are premised on a violation of federal laws. Defendants, thus, fail to demonstrate the court has subject matter jurisdiction over Plaintiff's claims or this action.

///

## **CONCLUSION**

For the foregoing reasons, the court REMANDS this action to Los Angeles Superior Court. The court's OSC as to why the court should exercise supplemental jurisdiction over the state law claims, Dkt. 10, is DISCHARGED as MOOT.

IT IS SO ORDERED.

Dated: August 2, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge